■ ALCO OPERATING CORP. et al., Appellants, v. MICHAEL J. LAZAR, Individually and as Chairman of the Taxi and Limousine Commission of the City of New York, et al., Respondents.— Judgment, Supreme Court, New York County, entered June 20, 1973, denying a temporary injunction, dismissing the complaint, and declaring rule 6 of the Taxi Commission valid, modified on the law to the extent of deleting the second decretal paragraph dismissing the complaint and otherwise affirmed without costs or disbursements. The issue in the case at bar is whether the commission's action in promulgating rule 6 was an arbitrary and capricious act. We hold that it was not. The respondent commission was created in 1971 to supervise and regulate the taxi industry in New York. Supervision was previously in the hands of the New York City Police Department. The commission, once created, was also empowered to formulate rules concerning the taxi industry (Administrative Code of City of New York, § 2303), which industry includes the taximeter business (Administrative Code, § 2309). Taximeters and their maintenance form an integral part of the taxi transportation system. Rule 6, filed in January 1973 and governing taximeter businesses, provides that "No licensee shall sell, install, repair, adjust or calibrate taximeters or taximeter equipment for use in any vehicle operating in the City of New York which vehicle is not licensed by the commission as a taxi." This rule was in furtherance of a policy of having taxicabs easily identifiable and distinguishable from other passenger vehicles. The position of the taximeter companies is that the commission exceeded its power in enacting this rule and it must therefore be declared a nullity. A fair reading of sections 2303 and 2309 of the Administrative Code mandates a finding that the commission has been given the authority to promulgate a restrictive rule such as the one in question. The real concern of the dissent is that there might be an equally reasonable approach to solving the problem of "gypsy cabs" installing meters in order to simulate the appearance of licensed taxis. However, it is not apodictic that the mere possibility of an equally viable alternative warrants court interference. The commission, in promulgating rule 6, engaged in a prudent exercise of discretion in an endeavor rationally to supervise the taxi industry. Court interference at this stage, while not specifically interdicted, is unwarranted (*Matter of Perazzo* v. *Lindsay*, 30 A D 2d 179, affd. 23 N Y 2d 764; cf. *Matter of Tombini* v. *Berman*, 31 A D 2d 467, affd. 25 N Y 2d 936; *Grossman* v. *Baumgartner*, 17 N Y 2d 345, 349). While we find that rule 6 was correctly declared valid, Special Term erred in dismissing the complaint. (*Lanza* v. *Wagner*, 11 N Y 2d 317, 334; *St. Lawrence Univ.* v. *Trustees of Theol. School of St. Lawrence Univ.*, 20 N Y 2d 317, 325.) Concur — Marke-

wich, J. P., Lane, Steuer and Tilzer, JJ.; Murphy, J., dissents in the following memorandum: The sole question presented on this appeal is whether respondents exceeded their authority, and acted arbitrarily, in promulgating a rule which forbids licensed taximeter companies from installing or servicing taximeters on vehicles not licensed by the Taxi Commission. (Rule 6 of Rules Governing Taximeter Business, promulgated Jan. 17, 1973.) I believe they did. New York City has, of course, always regulated licensed hacks and taxicabs and there is no dispute as to its right to do so. Prior to 1971 the Police Commissioner acted as the licensing authority. Local Law 12 of that year added chapter 65 of the City Charter creating the New York City Taxi and Limousine Commission to succeed the Police Department's jurisdiction over the taxicab industry. In addition to licensing taxicabs the appropriate authority has, at least since 1937, also issued licenses for the operation of a taximeter business. Plaintiffs have all been duly issued licenses to engage in the sale of taximeters and taximeter equipment for use on taxicabs and other vehicles and in the general repair and calibration of such meters and equipment pursuant to section 2309 of the Administrative Code which makes it "unlawful for any person to engage in the business of manufacturing, selling, repairing and adjusting or calibrating taximeters or taximeter equipment *for use upon any licensed vehicle in the city of New York*" without such license. (Italics added.) Nothing in the enabling act precludes licensed taximeter companies from doing business with any one. The obvious intent of the statute was to assure properly calibrated taximeters on city licensed taxicabs. Equally obvious is respondent's attempt, by the adoption of rule 6, to indirectly regulate the State-licensed livery vehicles (the so-called "gypsy cabs") by making it difficult for them to pass themselves off as city licensed taxicabs. The purported authority for such rule is respondents' granted power to promulgate such regulations as are necessary to exercise the authority conferred upon it and to implement the provisions of chapter 65. The difficulty with the rule, however, is that it only penalizes plaintiffs. The purpose of rule 6, and other provisions which require taxicabs to be made distinct and conspicuous, is to assure potential users that the vehicle he is hailing is a taxicab. While it may be true, as respondents contend, that the presence of a meter provides the most significant indication that the vehicle is a taxicab, nothing in rule 6 prohibits the State licensed "gypsy" cab from installing a meter. The only consequence of the rule is to compel those livery vehicles desiring taximeters to seek the services of unlicensed taximeter companies; which may result in greater detriment to the general public than the evil sought to be cured. If respondents deem it necessary, in the public interest, to restrict the use of taximeters solely to taxicabs, they should seek appropriate legislation to directly accomplish this end and not attempt to do so indirectly in a manner which will have as its sole effect the placement of an unreasonable restriction on the permissible business of the licensed plaintiffs. Accordingly, the judgment appealed from should be reversed and respondents' rule 6 declared invalid.